**Brent K. POLLITT, Plaintiff-Appellant,**

v.

**CASA GRANDE UNION HIGH SCHOOL DISTRICT NO. 82; et al., Defendants-Appellees.**

No. 15-16370

United States Court of Appeals, Ninth Circuit.

Submitted January 18, 2017 *

Filed January 30, 2017

Brent K. Pollitt, Pro Se

Robert D. Haws, Attorney, Shelby M. Lile, Gust Rosenfeld, PLC, Phoenix, AZ, for Defendants-Appellees

Before: TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Brent K. Pollitt appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims relating to his termination. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Pollitt's claim under Arizona's blacklisting statute because Pollitt failed to allege facts sufficient to state a plausible claim. *See* Ariz. Rev. Stat. §§ 23–1361 (elements of blacklisting); *Hebbe*, 627 F.3d at 341–42 (to avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face). The district court also properly dismissed Pollitt's conspiracy to blacklist claim, alleged under 42 U.S.C. § 1983, because "a claim for violation of state law is not cognizable under § 1983." *Cornejo v. County of San Diego*, 504 F.3d 853, 855 n.3 (9th Cir. 2007).

The district court properly dismissed Pollitt's remaining claims arising from his termination because the state administrative proceedings had preclusive effect. *See Olson v. Morris*, 188 F.3d 1083, 1086 (9th

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Cir. 1999) ("In Arizona, the failure to seek judicial review of an administrative order precludes collateral attack of the order in a separate complaint.").

We do not consider matters raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.